[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Presently before this Court is Plaintiff Newport Realty's (Newport Realty) motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In this action to quiet title, Newport Realty submits that it is entitled to summary judgment since it is the current record owner of title to parcels of land commonly known as North Commercial Wharf and Scott's Wharf.
Newport Realty has brought this cause of action pursuant to R.I. Gen. Laws § 34-16-5 to quiet title in North Commercial Wharf and Scott's Wharf, both located in the City of Newport. Arguing that tidal lands are fully alienable, Newport Realty asserts that its predecessor, Robert Taylor, acquired valid title to North Commercial Wharf in the early 1700's when the freemen of Newport voted to grant him title to the tidal lands upon which the wharf was constructed. While Newport Realty concedes that a portion of North Commercial Wharf is built on filled tidal lands, it does not agree that any portion of Scott's Wharf rests on filled tidal lands. Based on an affidavit by Attorney Donato Andre D'Andrea, Newport Realty contends that it is the record owner in fee simple of the land beneath the wharves, and, therefore, entitled to summary judgment.
The Attorney General, defending on behalf of the State of Rhode Island, contends that both North Commercial Wharf and Scott's Wharf are public streets situated on artificially filled tidal land. Although Newport Realty purports to be the record owner of title, the Attorney General argues that Newport Realty has failed to produce any deed or grant from the State that would operate to terminate the State's ownership of its public trust lands. The Attorney General further contends that there exists a strong factual dispute as to whether there has been an implied dedication of the property to public use. Amicus Curiae Conservation Law Foundation of New England, Inc. has raised similar issues of concern in a memorandum supporting its objection to Newport Realty's motion for summary judgment.
Summary judgment is a means of curtailing litigation in the early stages where the court finds that no genuine issue of material fact exists. Trend Precious Metals v. Sammartino,577 A.2d 986, 988 (R.I. 1990). The court must recognize that summary judgment is a drastic remedy that should be cautiously applied.Rustigian v. Celona, 478 A.2d 187, 189 (R.I. 1984). When passing on a summary judgment motion, the court must examine all pleadings, affidavits, and other similar matters in the light most favorable to the non-moving party before determining whether a genuine issue of material fact exists. Trend Precious Metals,577 A.2d 986, 988.
After a thorough review of all pleadings and affidavits in the light most favorable to the Attorney General, this Court finds that significant unresolved issues of fact exist relative to whether Newport Realty possesses fee simple ownership of North Commercial Wharf and Scott's Wharf. Notwithstanding Newport Realty's allegation of ownership, this Court further finds that important factual questions exist concerning whether North Commercial Wharf and Scott's Wharf are filled tidal lands subject to the public trust doctrine. Last, this Court finds that disputed factual issues exist concerning whether the public's long and continued use of the wharves for access to the shore has resulted in an implied dedication to public use. Since this Court is convinced that there are several disputed issues of material fact, it follows that the motion for summary judgment must fail. Accordingly, Newport Realty's motion for summary judgment is hereby denied.
Counsel shall prepare an appropriate judgment for entry.